UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID BROWN,
    Plaintiff,

v.                                  Case No.: 5:24cv115-TKW/MJF

ELIAS FOSKEY and JOHN
BUTLER,
    Defendants.
_____/

## **ORDER**

      This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 7) and Plaintiff's objection (Doc. 8). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed as malicious and an abuse of the judicial process based on Plaintiff's failure to completely and honestly disclose her litigation history. *See Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process.").

The Court did not overlook Plaintiff's argument that he did not intentionally misrepresent his litigation history because he did not realize he needed to disclose prior habeas petitions since the pertinent question on the civil rights complaint form asked whether he filed "any other <u>lawsuit</u> in federal court challenging [his] conviction" and he understood the word "lawsuit" to only mean suits seeking "monetary relief." That argument is meritless because the dictionary definition of "lawsuit" is broad enough to include habeas petitions. *See, e.g.,* dictionary.com (defining "lawsuit" to mean "a case in a court of law involving a claim, complaint, etc., by one party against another"); meriam-webster.com (defining "lawsuit" to mean "a case before a court"). Moreover, similar arguments have been rejected in prior cases. *See, e.g., Williams v. Dixon*, 2024 WL 552134 (N.D. Fla. Feb. 12, 2024); *Allen v. Santiago*, 2022 WL 1284821 (N.D. Fla. Apr. 29, 2022), *aff'd*, 2023 WL 5745494 (11th Cir. Sept. 6, 2023); *Kendrick v. Inch*, 2021 WL 2623215 (N.D. Fla. June 25, 2021), *aff'd sub nom. Kendrick v. Sec'y, Fla. Dep't of Corr.*, 2022 WL 2388425 (11th Cir. July 1, 2022); *Johnson v. Burch*, 2019 WL 4596569 (N.D. Fla. Sept. 23, 2019).

The Court also did not overlook that Plaintiff requested "an opportunity to correct [his disclosure] now [that he is] made aware … [that] the word 'lawsuit' means 'habeas corpus.'" However, allowing Plaintiff to file an amended complaint listing the cases that he should have listed in his original complaint would make a

mockery of the judicial process and would not serve to deter Plaintiff and other inmates from misrepresenting their litigation history in subsequent cases. *See Green v. Sheffield*, 2023 WL 4317648, at *1 (N.D. Fla. July 3, 2023) (citing multiple cases in which leave to amend was denied under similar circumstances).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** as malicious and an abuse of process under 28 U.S.C. §1915A(b)(1).

3. The Clerk shall enter judgment in accordance with this Order and close the case.

**DONE and ORDERED** this 22nd day of July, 2024.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**